UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANNAH LUDEN, Administratrix : | |
| of the Estate of ROBERT LUDEN : | Civil Action No.: |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| METRO-NORTH COMMUTER : | |
| RAILROAD COMPANY : | |
| : | |
| Defendant. : | JANUARY 24, 2014 |

## COMPLAINT

### NATURE OF ACTION

1.   This action arises from the sudden and untimely death of Robert Luden who, on May 28, 2013, was struck and killed by a passenger train while engaged in the course and scope of his employment with Defendant, Metro-North Commuter Railroad Company.

### JURISDICTION

2.   This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. § 51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C.A. § 56.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

## PARTIES

3.     This action is brought by the Plaintiff, Hannah Luden ("Plaintiff"), in her capacity as the Administratrix of the Estate of Robert Luden ("Decedent" or "Luden"), in order to recover damages for the death of Plaintiff's Decedent while he was employed by the Defendant, Metro-North Commuter Railroad Company ("Metro-North").  At all relevant times, Luden was married to the Plaintiff and was the father of two minor children. At all times relevant hereto, Plaintiff and Luden were residents of East Haven, Connecticut.

4.     At all times relevant hereto, Defendant Metro-North was a railroad corporation duly established by law, which had a usual place of business in New Haven, Connecticut.  Metro-North was and remains a common carrier engaged in interstate transportation and commerce by railroad and, as such, operated a railroad between New Haven, Connecticut and New York, New York.

## FACTS

5.     The Plaintiff brings this action against the Defendant, Metro-North, pursuant to FELA to recover damages for wrongful death and pain and suffering as a result of injuries suffered by the Decedent while he was employed by the Defendant as a track foreman.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

6.     At the time the Decedent received the injuries complained of, the Defendant Metro-North was engaged in interstate commerce and the Decedent was employed in furtherance of said commerce.

7.     On May 28, 2013, the Decedent was engaged in his duties as a track foreman and was working on railroad tracks in the area of Hood Terrace and Saw Mill Road at the West Haven, Connecticut rail station which, at the time, was under construction (hereinafter the "Site").  The lines, tracks, rails, engines, trains and all other equipment and appliances at the Site were owned, operated, controlled, managed, supervised, controlled and/or maintained by Defendant Metro-North.

8.     At all times relevant hereto, Metro-North directed the Decedent to perform work at the Site and exclusively controlled and supervised the activities of other employees whose responsibility was to direct the flow of passenger trains to, from and around the Site.

9.     At approximately 8:15 a.m. on May 28, 2013, the Subdivision 7 track supervisor conducted a morning job and safety briefing for that day's work activities with his subordinates, including Luden.  In turn, Luden briefed a crane operator and three other employees before they departed the work location.  The track configuration at the work location consisted of main tracks 1, 2 and 4, and industrial track 5.  Luden's

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

planned work for the day consisted of relocating rail segments from main track 1 to industrial track 5 between control point ("CP") 266 and CP 271 near the West Haven Station using a locomotive crane. After the rail was moved, main track 1 was going to be raised and surfaced in preparation for the installation of passenger access bridge plates to span over industrial track 5 from the westward station platform to main track 1 to facilitate passenger boarding and egress.

      10. At approximately 10:41 a.m. that same day, Luden contacted the Metro-North District G Rail Traffic Controller ("RTC") at Metro-North's Operations Control Center in New York, New York, to request a Form M, Line 3 authority[1] to remove main track 1 from the service between CP 266 and CP 271. The District G RTC placed blocking devices on the computer console between these CPs to prevent trains from entering the area, giving the crane operator and Luden, as the track foreman, exclusive track occupancy. At 10:42 a.m., the District G RTC granted authority to Luden to work on main track 1 between CP 266 and CP 271 until 4:00 p.m., placing the track out of service.

      11. At approximatley 10:55 a.m. that same day, Luden contacted the District F RTC to request authority to proceed from CP 257 to CP 266 with the locomotive crane.

---

[1] Form M, Line 3 authority removes a track from service, rendering it out of service, and allows a work crew to occupy the track.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

The District F RTC granted the authority on main track 2.  When the crane arrived at CP 266, Luden requested authorization from the District G RTC to proceed with the crane from main track 2 to main track 1 (the out-of-service track).  Upon arrival at CP 271, Luden requested permission to move the crane from main track 1 to industrial track 5.  The District G RTC gave Luden permission to make this movement.

12. Once on industrial track 5, Luden proceeded west with the crane about 1.5 miles to the work location at the West Haven Station platform (MP 69.58).  Once in position at this location, Luden and the crane operator began moving sections of rail from main track 1 to industrial track 5.  This process involved Luden attaching rail tongs to the rail and then letting the crane pick-up and move the rail toward industrial track 5, working in a westerly direction with the crane facing east and Luden facing west.

13. At all times relevant hereto, there were two RTC's assigned to Division G: (1) a supervising RTC and (2) a student RTC, who was training under the supervising RTC.  The student RTC was receiving on-the-job training and was the RTC who applied the blocking devices for this work crew and issued the Form M Line 3 authority earlier that day.

14. Upon information and belief, at or around 11:47 a.m. that same day, the student RTC inexplicably removed the blocking devices protecting main track 1 between

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

CP 266 and CP 271 without following proper procedures, which would have included Luden, as the track foreman, releasing the Form M, Line 3 authority to the RTC and the RTC repeating the release of authority to Luden before removing the blocking devices. In addition, the student RTC failed to engage in any radio communications or telephone conversations with Luden canceling the Form M Line 3.  Upon information and belief, the qualified RTC stepped away from the console during which time the student RTC removed the blocking devices.

    15.    After removing the blocking devices that were in effect for main track 1, the student RTC lined a route for train 1559 westbound directly into the area where Luden was swinging rail from the gage of main track 1.

    16.    At approximately 11:57 a.m. that same day Luden, having no means of escaping the approaching Metro-North passenger train 1559 that was traveling westbound at 70 m.p.h. on main track 1, was suddenly and violently struck as the train proceeded down the track. The train struck Luden at milepost 69.56, approximately 100 feet west of catenary bridge 1021 on main track 1, which is within the city limits of West Haven, Connecticut.  After striking Luden, the train continued through the out-of-service track area, striking rail that was laid across the north rail of main track 1 and knocking

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

the remainder of the rail into the center ditch between main track 1 and industrial track 5.

## FIRST CAUSE OF ACTION

17.   The Plaintiff adopts by reference and realleges each and every allegation set forth in Paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth under this cause of action.

18.   The Defendant Metro-North and its agents, servants, assigns and/or employees were careless and negligent in one or more of the following ways:

   a.   It failed to provide the Decedent with a safe place to work;

   b.   It failed to act in a reasonably prudent manner in light of the facts and circumstances surrounding the collision;

   c.   It failed to employ adequate safety routines, which included lacking an adequate back-up system;

   d.   It failed to employ redundant protection controls for members of maintenance-of-way crews such as the Decedent, which included shunting systems that would have facilitated the electronic monitoring of train tracks when work was being done;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

e.  It permitted the Decedent to work on rail tracks when it knew or should have known that the student RTC directing the flow of passenger trains to, from and around the Site was not properly trained;

f.  It failed to provide the Decedent with sufficient assistance so that he could safely and properly perform his duties;

g.  It failed to employ safe and proper methods to control the flow of passenger trains to, from and around the Site where the Decedent was working;

h.  It failed to provide the proper tools or equipment to employees so that the Decedent could properly and safely perform his duties;

i.  It failed to properly instruct the student RTC as to the safe and proper means, method and manner of directing passenger trains to, from and around the area where the Decedent was working;

j.  It failed to stop the Decedent from working in an area that it knew or should have known was dangerous;

k.  It failed to properly supervise the activities of the student RTC;

l.  It failed to control the work being performed by its employees in order to avert the accident that caused the death of the Decedent;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

m. It failed to appropriately train employees on adequate safety protocols;

n. It failed to institute additional operation control procedures, including a software enhancement that would have required an RTC to validate their intent to release track authorizations before the RTC could remove a blocking device;

o. It failed to maintain blocking that would have provided signal protection for the track segment occupied by maintenance-of way work crews, including the Decedent;

p. It failed to utilize appropriate safety redundancies that would have provided protection and prevented the undesired removal of protection for track workers who had received track occupancy authority, such as Form M, G-1 Line 3 authority;

q. It failed to warn the Decedent of the approach of the train; and

r. It failed to use reasonable and proper care to provide the Decedent with a safe place to work, including but not limited to, providing supervision of employees, including the RTCs, and ensuring that these employees followed all safety and procedural guidelines.

19. As a direct and proximate result of the foregoing acts of carelessness and

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

negligence on the part of the Defendant Metro-North, the Decedent sustained serious and painful injuries including physical pain and mental anguish which, after a period of conscious pain and suffering, resulted in his death.

20. As a direct and proximate result of the foregoing acts of carelessness and negligence on the part of the Defendant Metro-North, the Decedent lost his life and the ability to enjoy and engage in life's activities.

21. As a direct and proximate result of the foregoing acts of carelessness and negligence on the part of the Defendant Metro-North, the Decedent lost his earning capacity.

22. As a direct and proximate result of the foregoing acts of carelessness and negligence on the part of the Defendant Metro-North, the Decedent's Estate incurred medical bills, funeral and burial expenses.

23. As a direct and proximate result of the death of the Decedent, Plaintiff, as surviving spouse has been deprived of the Decedent's support and maintenance. By reason of the above facts and circumstances and by reason of the above described injuries, conscious pain and suffering of the Decedent, Plaintiff and the Decedent's Estate have been damaged in the sum of Thirty Million Dollars ($30,000,000).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

24.     By reason of the foregoing, Defendant Metro-North is liable to Plaintiff for damages in an amount to be proved at trial.

WHEREFORE, in order to fairly and justly compensate the Plainttiff whose Decedent was fatally injured as a result of the Defendant's negligence and to promote safe operating conditions on the Defendant's railroad, the Plaintiff demands judgment of Thirty Million Dollars ($30,000,000), with interest on such amount as allowed by law from the date of judgment until paid, along with costs of this suit, attorneys' fees, and such other and further relief as this Court deems just and equitable.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX

## **PLAINTIFF'S JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  January 24, 2014

                        By Plaintiff's Attorneys,

                        By: # 23802 Marisa A. Bellair
                            Steven J. Errante, Esq.
                            (ct04292)
                            Marisa A. Bellair, Esq.
                            (ct23802)
                            Lynch, Traub, Keefe & Errante, P.C.
                            52 Trumbull Street
                            New Haven, CT 06510
                            (203) 787-0275

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26000-26499\26003 H. LUDEN\002 ESTATE OF ROBERT LUDEN WRONGFUL DEATH - SJE\PLEADINGS\2014\LUDEN COMPLAINT.DOCX